IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN A. KAMENICKY, (TDCJ-CID #02020271) | § § § | |
| Petitioner, | § § § | |
| VS. | § | CIVIL ACTION NO. H-17-3758 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

**MEMORANDUM AND OPINION**

Petitioner, John A. Kamenicky, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a conviction in the 232nd Judicial District Court of Harris County, Texas. Respondent filed a Motion for Summary Judgment, (Docket Entry No. 9), and copies of the state court record. Kamenicky has filed his response. (Docket Entry No. 11). The threshold issue is whether Kamenicky's claims are procedurally defaulted.

**I.     Background**

A jury found Kamenicky guilty of the felony offense of murder. (Cause Number 147761301010). On August 21, 2015, the court sentenced Kamenicky to life imprisonment. The First Court of Appeals of Texas affirmed Kamenicky's conviction on December 1, 2016. The Texas Court of Criminal Appeals refused Kamenicky's petition for discretionary review on March 29, 2017. Kamenicky filed an application for state habeas corpus relief on July 17, 2017, which the

Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing on November 8, 2017. *Ex parte Kamenicky,* Application No. 87,472-01 at cover.

On December 12, 2017, this Court received Kamenicky's federal petition. Kamenicky contends that his conviction is void because he was not evaluated for competency before trial. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 6).

**II.     The Applicable Legal Standards**

This Court reviews Kamenicky's petition for writ of habeas corpus under the federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254; *Woods v. Cockrell,* 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson,* 127 F.3d 409, 413 (5th Cir. 1997), citing *Lindh v. Murphy,* 521 U.S. 320 (1997).

Sections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an adjudication on the merits. An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000). A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme

Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill*, 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

A state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under section 2254(e)(1) unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear

and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

Kamenicky is proceeding pro se. A pro se habeas petition is construed liberally and not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This Court broadly interprets Kamenicky's state and federal habeas petitions. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

### III. The Claim Based on a Denial of a Competency Hearing

The scope of federal habeas review is limited by the intertwined doctrines of procedural default and exhaustion. *Bledsue v. Johnson,* 188 F.3d 250, 254 (5th Cir. 1999). Ordinarily, a state prisoner seeking federal habeas relief must first "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts "the first opportunity to address and correct alleged violations of [the] prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). The adequate and independent state ground doctrine furthers that objective, for without it, "habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." *Walker v. Martin*, 131 S. Ct. 1120 (2011) (quoting *Coleman*, 501 U.S. at 732). Exhaustion requires that the prisoner "have fairly presented the substance of his claim to the state courts." *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997). Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846

(1999). "Determining whether a petitioner exhausted his claim in state court is a case- and fact-specific inquiry." *Moore v. Quarterman*, 533 F.3d 338, 341 (5th Cir. 2008) (en banc).

In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* Tex. Code Crim. Proc. art. 11.07, § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

A federal court generally cannot review the merits of a state prisoner's habeas petition if the claims in the petition are procedurally defaulted. *See, e.g., Magwood v. Patterson*, 561 U.S. 320, 340 (2010) ("If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention - whether in trial, appellate, or habeas proceedings, as state law may require - procedural default will bar federal review."). A habeas claim can be procedurally defaulted in either of two ways. *Coleman v. Dretke*, 395 F.3d 216, 220 (5th Cir. 2004), *cert. denied*, 546 U.S. 938 (2005). *See generally O'Sullivan v. Boerckel*, 526 U.S. 838, 850–56 (1999) (Stevens, J., dissenting) (explaining the differences between the two varieties of procedural default); *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999).

First, "[p]rocedural default . . . occurs when a prisoner fails to exhaust available state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Williams v. Thaler*, 602

F.3d 291, 305 (5th Cir. 2010). When state remedies are rendered unavailable by petitioner's own procedural default, or when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Steel v. Young,* 11 F.3d 1518, 1524 (10th Cir. 1993); *see also Coleman v. Thompson,* 501 U.S. 722, 736 n.1 (1991)) ("[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . [then] there is a procedural default for purposes of federal habeas . . . .").

Second, if the prisoner has presented the claim to the highest available state court but that court has dismissed the claim on a state-law procedural ground instead of deciding it on the merits, the claim has been decided on an independent and adequate state-law ground. *See, e.g., Harris v. Reed,* 489 U.S. 255, 262 (1989). "If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal, the prisoner has procedurally defaulted his federal habeas claim." *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied,* 523 U.S. 1139 (1998). The state procedural rule must be "both independent of the merits of the federal claim and an adequate basis for the court's decision." *Finley v. Johnson,* 243 F.3d 215, 218 (5th Cir. 2001). A state procedural rule is an adequate basis for the court's decision only if it is "strictly or regularly applied evenhandedly to the vast majority of similar claims." *Amos v. Scott,* 61 F.3d 333, 339 (5th Cir.) (emphasis omitted), *cert. denied,* 516 U.S. 1005 (1995).

Kamenicky asserts that the trial court failed to conduct a competency hearing prior to trial. (Docket Entry No. 1, Federal Petition, p. 6). Respondent argues that this claim is procedurally barred because Kamenicky failed to exhaust available state court remedies. (Docket Entry No. 9, Respondent's Motion for Summary Judgment, p. 7).

The state court record shows that Kamenicky presented five grounds challenging the sufficiency of the evidence in his state application for post-conviction relief. (Docket Entry No. 10-17, pp. 10-19). Kamenicky also challenged the sufficiency of the evidence in his petition for discretionary review. (Docket Entry No. 10-9, p. 9).

In the instant federal petition, Kamenicky complains that he should have had a competency examination before trial. However, Kamenicky did not raise the issue of competency in either his state application or petition for discretionary review.

As noted, "[a] procedural default ... occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citation and internal quotation marks omitted). Kamenicky failed to exhaust state court remedies with regard to his competency hearing claim raised in his federal habeas petition. Should this Court require Kamenicky to return to state court to satisfy the exhaustion requirement with the Texas Court of Criminal Appeals, that court would find the claims procedurally barred under the abuse of the writ doctrine found in Article 11.07, § 4 of the Texas Code of Criminal Procedure. Because Texas would likely bar another habeas corpus application by Kamenicky, he has committed a procedural default that is sufficient to bar federal habeas corpus review. *See, e.g., Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner

procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

To overcome the procedural bar on nonexhaustion, Kamenicky must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87-91 (1977); *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008). Kamenicky offers no arguments that would excuse the procedural default. Kamenicky does not dispute that this claim is unexhausted. Kamenicky's claim relating to the failure to conduct a competency examination is dismissed because it is procedurally-barred.

## IV. Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 9), is GRANTED. Kamenicky's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack*, 529 U.S. at 484). Kamenicky has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on Nov. 26, 2018.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE